

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00173-CR

TERRY WAYNE CASH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4342, Honorable Dan Mike Bird, Presiding

December 19, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Terry Wayne Cash appeals from his conviction for evading arrest. His sole issue concerns the legal sufficiency of the evidence underlying his conviction. That is, he "was not proven to be the individual escaping the officers nor was he proven to be present on the premises at the time, therefore it could not have been his conscious objective or desire to cause the result of not being found." We affirm.

First, the pertinent standard of review is that described in *Villa v. State*, 514 S.W.3d 227 (Tex. Crim. App. 2017). There, we were told the following:

The standard of review for determining the legal sufficiency of the evidence to support a conviction is whether, after viewing all of the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard requires the appellate court to defer "to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. Deference to the trier of fact extends to the inferences drawn from the evidence as long as the inferences are reasonable ones supported by the evidence and are not mere speculation.

*Id.* at 232 (footnotes omitted).

Next, "[a] person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West 2016); *Griego v. State*, 345 S.W.3d 742, 749 (Tex. App.—Amarillo 2011, no pet.). As previously indicated, appellant questions the sufficiency of the evidence identifying him as the person who committed the aforementioned offense. In his view, law enforcement officials who saw him at the scene only did so for a brief period of time and from a distance. Additionally, few knew him personally and purportedly recognized him only from a picture they previously saw. Furthermore, defense witnesses testified that appellant was not at the scene when the officers arrived and began their search for him.

Implicit in his contention, though, is his acknowledgement that some evidence of record not only places appellant at the scene but also identifies him as the person who fled. Such evidence consists of testimony from the trooper who knew of an outstanding arrest warrant issued against appellant and drove by appellant's house in his patrol unit. That trooper testified to seeing appellant's face and body before appellant moved behind a large truck as the trooper drove up. So too did the trooper testify about exiting his

vehicle while in uniform, calling out to appellant, and seeing appellant run away. And, when asked to identify at trial the person he saw run, the trooper identified appellant. Such was enough for a rational fact-finder to conclude, beyond reasonable doubt, that it was appellant who departed after the trooper directed him to "come here."

That the trooper was fifty yards from appellant when he first saw appellant's face and body and that he recognized appellant from a picture as opposed to personally knowing him were simply factors that the jury could weigh in assessing the trooper's credibility. They were not factors that required jurors to ignore his testimony. Furthermore, testimony from other witnesses about seeing appellant and his effort to hide while being sought by law enforcement officers only adds support to the jury's decision.

Simply put, it was for the jury to decide whose testimony to believe. In convicting appellant, it obviously believed those who swore appellant was the one who endeavored to evade arrest. We find the evidence legally sufficient to support the decision, overrule the sole issue before us, and affirm the trial court's judgment.

Per Curiam

Do not publish.

3